UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION
NO. 1:25CR-62

UNITED STATES OF AMERICA              )
                                      )
v.                                    )          **MOTION FOR PRODUCTION OF**
                                      )          **JENCKS MATERIAL IN ADVANCE OF**
JOSEPH FRYAR                          )          **TRIAL**
                                      )
                                      )

     NOW COMES, the Defendant, JOSEPH FRYAR ("FRYAR"), by and through the undersigned attorney, and hereby moves this Court pursuant to Federal Rules of Criminal Procedure 26.2 for an Order requiring the Government to produce all Jencks material in advance of trial.  In support of said Motion, FRYAR shows unto the Court the following:

     Federal Rules of Criminal Procedure 26.2 and Title 18 USC § 3500, indicate that the Government is not required to produce statements of witnesses who testify on the Government's behalf until the conclusion of its direct examination.  Notwithstanding the above, FRYAR respectfully submits that the production of statements of government witnesses at trial will substantially impair the ability of Defendant to adequately defend herself and to prepare an effective cross-examination.  Defendant requests that the Government be required to produce Jencks material at this time.  The purpose underlying the Jencks Act is to insure fairness in the criminal process.  See Campell v. United States, 373 U.S. 487, 496-497 (1963).  The request being made here has been anticipated by the Supreme Court and it is precisely for that reason that FRYAR herein makes this request.  United States v. Agnello, 393 U.S. 348, 356 (1969) ("It may be that in some situations, denial of production of a Jencks Act type of a statement might be a denial of a Sixth Amendment right").  Furthermore, some Circuit courts have encouraged

prosecutors to disclose Jencks Act material prior to trial, stating that such pretrial disclosure constitutes a salutary practice.  United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979).

Additionally, authority exists for not literally applying the time dictates of the Jencks Act where there are countervailing constitutional considerations such as the denial of due process and the effective assistance of counsel in a complex case.  See United States v. Narciso, 446 F. Supp. 252, 270 (E.D. Mich. 1977).  Strict compliance with the literal time requirements contained within the Jencks Act creates the potential for repeated recesses.  This will interfere with the fair and proper administration of justice.  See United States v. Goldberg, 336 F. Supp. 1 (D.Pa. 1971).  Moreover, as the Court recognized in United States v. Narciso, "an overly strict adherence to the Jencks Act raises potential deprivations of due process and effective assistance of counsel."  446 F. Supp. 252, 270 (E.D. Mich. 1977).  FRYAR requests that this Honorable Court exercise its inherent power to require early production of Jencks Act material so as to facilitate an orderly presentation of the Government's case.

WHEREFORE, FRYAR respectfully requests this Honorable Court to order the Government to produce Jencks material at this time.

Respectfully submitted, this the 16th day of September, 2025.


**/s/ J. Pete Theodocion**

_____
J. Pete Theodocion
Attorney for Defendant


LAW OFFICE OF J. PETE THEODOCION
507 WALKER STREET
AUGUSTA, GA 30901
(706) 722-3000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2025, I electronically filed the foregoing **MOTION FOR PRODUCTION OF JENCKS MATERIAL IN ADVANCE OF TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**/s/ J. Pete Theodocion**

_____
J. Pete Theodocion
Attorney for Defendant

LAW OFFICE OF J. PETE THEODOCION
507 WALKER STREET
AUGUSTA, GA 30901
(706) 722-3000