**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO: 1:25-CR-00062 |
| v. | : | |
| | : | |
| ANTHONY OLOANS, | : | |
| | : | |
| Defendant. | : | |

## RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION

COMES NOW Anthony Oloans, by and through undersigned counsel, and files this response in opposition to the government's oral motion for detention. The government orally moved for detention at Mr. Oloan's initial appearance on September 11, 2025. Mr. Oloans is currently being detained by the United States Marshal's Service at the Jefferson County jail. This Response is being filed in anticipation of Mr. Oloans' upcoming detention hearing in order to assist the Court in determining whether the government has met its burden of demonstrating that there is no combination of conditions that would ensure Mr. Oloans' court attendance and ensure the safety of others. In support of this Response, Mr. Oloans shows as follows:

**Background**

Mr. Oloans is 54 years old, married with one stepson, and has lived in

Hinesville, Georgia for the last 24 years. He was born in the United States and served with distinction in the United States Army from 1989 to 1991, when he was honorably discharged. Mr. Oloans has no criminal history. Other than a sister who lives in Washington State (and with whom Mr. Oloans has minimal contact), Mr. Oloans' entire family and support network resides in and around Hinesville. Mr. Oloans has no known relatives, associates, businesses, or accounts in any foreign country or territory.

Mr. Oloans was indicted on September 4, 2025, for conspiracy to commit bank fraud (Count One) and two counts of bank fraud (Counts Two and Three). The indictment relates to Mr. Oloans' involvement with the House of Prayer Christian Church. The indictment was unsealed on September 10, and Mr. Oloans appeared for his initial appearance the following day.

Importantly for purposes of this Motion, Mr. Oloans has known that he was a target of a federal criminal investigation since at least the summer of 2022 when federal agents executed search warrants on the House of Prayer. In addition, Mr. Oloans has received several Civil Investigative Demands from the United States Attorney's Office and has fully participated – through counsel – in a related civil matter.

**Legal Standard**

The Bail Reform Act of 1984 requires that a defendant be released on bond

pending trial unless the government meets its burden of establishing specific grounds to justify detention. 18 U.S.C. § 3142. Here, counsel for the government has informed undersigned counsel that the government is seeking Mr. Oloans' detention on 2 grounds: flight risk and unspecified concerns related to witness intimidation.

Detention is authorized only where the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Importantly, the government carries the burden of proof. For the risk of flight analysis, the court's finding must be supported by a preponderance of the evidence. *United States v. Medina,* 775 F.2d 1398, 1402 (11th Cir. 1985). As for a determination related to the safety of others and the community (including witnesses), the facts that the Court relies upon to support such a finding must be supported by clear and convincing evidence. *Id*; *see also* 18 U.S.C. § 3142(f)(2).[1]

**Argument**

This Court should release Mr. Oloans with conditions. Undersigned counsel is aware of no evidence to suggest that Mr. Oloans is a flight risk or that he poses any risk related to witnesses.

---

[1] The rebuttable presumption contained in (f)(1) does not apply based on the charges against Mr. Oloans.

<u>Mr. Oloans Does Not Pose A Flight Risk</u>

Mr. Oloans does not pose a flight risk. As noted above, Mr. Oloans has been fully aware of his target status since the summer of 2022. Not only has he stayed put during this nearly three-and-a-half-year period, but he has fully participated – through counsel – in a related civil matter.

Mr. Oloans has no family, friends, assets, or any other resources in any other country. He has lived in Hinesville for nearly 25 years. With the exception of a sister with whom he has seldom interaction, Mr. Oloans' entire family – including his wife, his adult stepson, and his daughter-in-law – live with him in Hinesville.  He has no criminal history and served honorably in the United States Army. Put simply, there is no evidence to suggest that Mr. Oloans would fail to appear in Court as required. Moreover, Mr. Oloans would be required to surrender his passport, further mitigating against any risk of flight.

<u>Mr. Oloans Does Not Pose a Risk to Witnesses</u>

Undersigned counsel is aware of no evidence to suggest that Mr. Oloans poses any risk to witnesses. As already noted, Mr. Oloans has been aware of the government's investigation for several years and has not attempted to improperly influence any witnesses. He is not charged with obstruction, nor is there any allegation contained in the indictment that even suggests such conduct. In light of the conditions that the Court would likely impose upon Mr. Oloans – including no

contact with witnesses – the government simply cannot establish by clear and convincing evidence that there is no combination of conditions that would mitigate against any hypothetical concern related to witness integrity.

Mr. Oloans' Proposed Conditions of Release

In addition to the standard pre-trial release conditions, including the conditions that have already been set for several of Mr. Oloans' co-defendants, Mr. Oloans respectfully proposes release on $50,000 bond, secured by $5,000 cash deposit. To the extent the Court believes additional conditions are necessary to fulfill the statutory goals discussed above, the Court has various other options at its disposal, including but not limited to electronic monitoring and/or more intensive supervision. Given the circumstances set forth above, some combination of these conditions are sufficient to ensure Mr. Oloans' court attendance and to satisfy any perceived concerns related to witness interactions.

**Conclusion**

For the reasons set forth above, Mr. Oloans respectfully requests that the Court order his release upon the conditions laid out in this Response and any other condition that the Court believes is appropriate and necessary.

Respectfully submitted, this 16th day of September 2025.

*/s/ Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011
CHILIVIS GRUBMAN, LLP

1834 Independence Sq.
Atlanta, GA  30338
Telephone: (404) 233-4171
Fax:  (404) 261-2842
sgrubman@cglawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2025, I electronically filed the foregoing Motion for Release Pending Trial with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011
