UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 26, 2026

Holly Grace Chapman
Davis, Chapman, and Wilder, LLC
1143 LANEY WALKER BLVD STE 201
AUGUSTA, GA 30901

Appeal Number: 26-10594-B
Case Style: USA v. David Reip, et al
District Court Docket No: 1:25-cr-00062-JRH-BKE-6

### EXPEDITED CRIMINAL DOCKETING NOTICE

**This notice pertains to party-appellant Dennis Nostrant only**

The above-referenced appeal has been docketed in this Court. All documents filed in this appeal must include the Case Style and Appeal Number shown above.

Expedited Appeal
This appeal is designated as expedited. See 11th Cir. Rules 9-1 or 31-4. **Deadlines will be set by separate notice.**

Motion Requirement
Pursuant to 11th Cir. R. 9-1, the clerk shall set expedited deadlines for the filing of the motion, the response, and any reply in this appeal. **These deadlines will be set by separate notice.**

Rule Requirements

- FRAP 9(a)(1): The appellant must file a copy of the district court's order and the court's statement of reasons as soon as practicable after filing the notice of appeal. An appellant who questions the factual basis for the district court's order must file a transcript of the release proceedings or an explanation of why a transcript was not obtained.

- 11th Cir. R. 9-1: Parties seeking review of a district court's order on release in a criminal case under FRAP 9(a) must file a motion with this court setting out the reasons why the party believes the order should be reversed. All motions for release or for modification

of the conditions of release must include a copy of the judgment or order from which relief is sought and of any opinion or findings of the district court.

Appellant Requirements: Expedited Transcript

- Within **SEVEN DAYS** of the date of this notice, unless the appellant has already done so, the appellant **MUST** file in the **District Court** a Transcript Order Form or a certificate stating no transcripts will be ordered. See FRAP 10(b) & the accompanying 11th Cir. IOP.

  *Note to Court Reporter: Due to the expedited nature of this appeal, the required transcript(s) should be filed in less than the usual 30 days.*

- Guilty Plea Issue: If any issue concerning a guilty plea will be raised, the appellant must ensure that the record includes the transcript of the guilty plea colloquy and any written plea agreement. See 11th Cir. R. 30-1(a)(13).

- Sentencing Issue: If any issue concerning the sentence will be raised, the appellant must ensure that the record includes (a) the transcript of the sentencing proceeding, and (b) the presentence investigation report and addenda (under seal in a separate envelope). See 11th Cir. R. 30-1(a)(14).

Appellant Requirements: Other
Within **14 DAYS** of the date of this notice, the appellant **MUST**:

- Unless counsel was appointed to represent the appellant, pay to the **District Court** the Filing Fee **OR** File a Motion to Proceed In Forma Pauperis (IFP) in the district court. See FRAP 3(e), FRAP 24.

  *If the filing fee is not paid and a motion to proceed IFP has not been filed in the district court within 14 days of the date of this notice, this appeal will be dismissed without further notice pursuant to 11th Cir. R. 42-1(b).*

  *If the district court has denied the appellant IFP status on appeal, the appellant has 30 days from the date of the district court's order to file an IFP motion in this Court. See FRAP 24(a)(5).*

- File in this Court (Eleventh Circuit) a Certificate of Interested Persons and Corporate Disclosure Statement (CIP), **OR** file the CIP at the same time the appellant submits its first filing, **whichever is earlier**. See 11th Cir. R. 26.1-1(a)(1).

- Complete the Web-Based CIP (attorneys only). See 11th Cir. R. 26.1-1(b).

Appellee Requirements
Unless the following requirements have already been satisfied, **within 28 days of the date of this notice, all appellees participating in this appeal MUST:**

1. File in this Court (Eleventh Circuit) a CIP or a notice. See 11th Cir. R. 26.1-1(a)(2).

2. Complete the Web-Based CIP (attorneys only). See 11th Cir. R. 26.1-1(b).

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Obligation to Notify Court of Change of Addresses
Each pro se party and attorney has a continuing obligation to notify this Court of any changes to the party's or attorney's addresses during the pendency of the case. See 11th Cir. R. 25-7.

Additional Information
Rules, forms, and additional information, including a handbook for pro se litigants, can be found at www.ca11.uscourts.gov.

Attorney Participation
Only attorneys admitted to the bar of the Court and attorneys admitted for a particular proceeding may practice before the Court. See 11th Cir. Rules 46-1, 46-3, and 46-4. You may look up your bar admission status at https://www.ca11.uscourts.gov/bar-admission-status-look. The Application for Admission to the Bar and other forms and information can be found at https://www.ca11.uscourts.gov/attorney-forms-and-information.

All attorneys (except court-appointed attorneys) who wish to participate in this appeal must file an Appearance of Counsel Form within 14 days of the date of this notice. See 11th Cir. R. 46-6(b). Please also see FRAP 46 and the corresponding circuit rules.

Note to Retained Counsel
Eleventh Circuit Rule 46-10(a) states, "Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court."

Motions to Withdraw
Counsel who file a motion to withdraw from a criminal appeal must also comply with 11th Cir. R. 27-1(a)(8), (a)(9).

Clerk's Office Phone Numbers
| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |

CM/ECF Help Desk:   404-335-6125    Cases Set for Oral Argument:  404-335-6141

CRIM 2 EXPEDITED- Notice of Docketing

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br><br>DAVID REIP, DENNIS NOSTRANT, and MARCUS LABAT<br><br>    Defendants. | CASE NO: 1:25-cr-00062 |

### DEFENDANTS' REIP, NOSTRANT and LABAT'S NOTICE OF APPEAL

COME NOW, Defendants David Reip, Dennis Nostrant, and Marcus Labat, by and through undersigned counsel, and hereby by give their notice in the above-named case of their appeal to the United States Court of Appeals for the Eleventh Circuit from the Order entered on February 11, 2026 (Doc. 154), which is an order appealable as of right pursuant to 18 U.S.C. § 3145(c), as it is a final order pursuant to that definition in 28 U.S.C. § 1291.

Defendants are currently released pending trial and have been under Court Ordered conditional release since September 12, 2025. (Doc. 15, 17, and 19).

    Respectfully submitted this 24th day of February 2026.

*/s/ Charles Hackney Rollins*
Charles Hackney Rollins
Georgia Bar No. 367169
*Attorney for David Reip*

Page **1** of **3**

CHARLES ROLLINS, PC
1450 Green St.
Suite 3600
Augusta, GA  30901
Telephone: 706-814-2361
charles@rollinspc.org


/s/ Brooks K. Hudson
Brooks K. Hudson
GA Bar No. 141621
*Attorney for Marcus Labat*


Of Counsel:
Hull Barrett, PC
Post Office Box 1564
Augusta, GA 30903
706-722-4481
bhudson@hullbarrett.com

/s/ Holly G. Chapman
Holly G. Chapman
GA Bar No. 512067
*Attorney for Dennis Nostrant*

Davis, Chapman, and Wilder, LLC
1143 Laney Walker Blvd, Suite 201
Augusta, GA 30901
706-200-1578
hchapman@dcwattorneys.com

Page **2** of 3

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    v.<br><br>DAVID REIP, DENNIS NOSTRANT, and MARCUS LABAT<br>    Defendants. | CASE NO: 1:25-cr-00062 |

**CERTIFICATE OF SERVICE**

    The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing with this Court.

    This 24th day of February, 2026.

                                                CHARLES ROLLINS, P.C.

                                                */s/ Charles Hackney Rollins*

                                                CHARLES HACKNEY ROLLINS

                                                Georgia Bar No. 367169

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 125-062 |
| | * | |
| DENNIS NOSTRANT | * | |
| DAVID REIP | * | |
| MARCUS LABAT | * | |

**O R D E R**

Pursuant to 18 U.S.C. § 3145(a)(2), Defendants Nostrant, Reip, and Labat move to amend condition of pretrial release 7(g), which requires them to avoid all contact with any person who is or may be a victim or witness in the investigation or prosecution of the above-captioned case, so that they may attend religious services at the House of Prayer Christian Churches ("HOPCC"). (Doc. 147.) They claim Condition 7(g) violates their religious rights, and they request a hearing. (See id.) The government opposes amendment, arguing Condition 7(g) is the least restrictive means of furthering the compelling government interest in safeguarding potential witnesses and the fair administration of justice. (See doc. 151.)

Upon a *de novo* review, the Court determines Defendants' motion must be denied. First, a hearing is unnecessary because the record developed in connection with Condition 7(g) is sufficient. (See Court's recording system, *For the Record* ("FTR") 9:32:23-10:20:30

(Oct. 15, 2025); docs. 98, 123.) Next, Condition 7(g) should not be amended for any Defendant. Citing the Religious Freedom Restoration Act ("RFRA"), Defendants contend the Court's determination of "least restrictive means" requires the Court to individually analyze each Defendant's background, and they thus take issue with the Magistrate Judge's purported "blanket denials" of their ability to attend HOPCC services. (Doc. 147, pp. 6-10.)

As an initial matter, the Magistrate Judge did not categorically prohibit Defendants from attending HOPCC services without analyzing each Defendant individually. Rather, at the October 15, 2025 status conference, the Magistrate Judge heard proposals from each Defendant and the government and determined an absolute prohibition on involvement in any HOPCC services and activities was necessary for each Defendant, and no lesser restrictions would suffice to achieve the government's compelling interest. (FTR, 9:32:23-10:20:30 (Oct. 15, 2025); doc. 98.) Thereafter, upon consideration of Defendants' post-hearing RFRA motion and brief, (doc. 105), the Magistrate Judge again reached the same conclusion, (doc. 123).

Regardless, the Court has fully considered each individual Defendant but determines the same result applies to all of them in light of the specific, unique circumstances of the alleged schemes at issue in this case. The HOPCC is the epicenter of the alleged criminal activity, and the indictment alleges Defendants exercised

2

control and manipulation over HOPCC members to fulfill the alleged schemes. (See doc. 3.) Thus, to allow *any* Defendant – Nostrant, Reip, or Labat – to attend HOPCC services, even with various restrictions imposed, carries an unacceptable risk of witness and victim intimidation. Further, the United States Probation Office simply does not have the resources to monitor each released Defendant's attendance at HOPCC services.

In sum, the Court has considered all three Defendants individually but concludes Condition 7(g) is the least restrictive means of furthering the government's compelling interest as to each. For these reasons, the Court declines to amend Condition 7(g) and the Magistrate Judge's related October 15, 2025 Order and **DENIES** Defendants' motion. (Doc. 147.)

**ORDER ENTERED** at Augusta, Georgia, this 11th day of February, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3