**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | : | |
| vs. | : | Indictment: 1:25-cr-62-JRH |
| RONY DENIS,<br>Defendant. | : | |

# MOTION TO STRIKE SURPLUSAGE

Pursuant to Fed. R. Crim. P. 7 (d),[1] Denis moves to strike prejudicial surplusage from the "speaking" particulars of the indictment. To support his position that multiple inflammatory factual allegations are irrelevant to the jury's fair assessment of the alleged fraud schemes, Denis shows the following:

## ARGUMENT AND CITATIONS TO AUTHORITY

### I. Introductory paragraphs one, two, and three alleging Denis's false identity and citizenship history must be stricken as prejudicial surplusage.

"[S]urplusage in an indictment may be deleted without error." *United States v. Narog*, 372 F.3d 1243, 1249 (II) (11th Cir. 2004) (citing *United States v. Miller*, 471 U.S. 130, 140 (105 S.Ct. 1811) (1985)). "[A]llegations that are unnecessary to

[1] "Upon the defendant's motion, the court may strike surplusage from the indictment[.]" Fed. R. Crim. P. 7(d). Denis's motion to strike is timely because it was filed on or before September 30, 2026. [Doc. 155].

an offense that is clearly contained within the indictment may be stricken by amendment." *United States v. Augustin*, 661 F.3d 1105, 1116 (II) (11th Cir. 2011).

Primarily a *defendant's* remedy, Fed. R. Crim. P. 7 (d) "introduces a means [to] protect[] [Denis] against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." *Id.* at n. 3.

Under 11th Circuit precedent, a motion to strike surplusage should be granted where it is clear the challenged allegations are not relevant to the charge and are both inflammatory and prejudicial. *United States v. Awan*, 966 F.2d 1415, 1426 (II) (B) (11th Cir. 1992) (citation omitted). Our Circuit has described "prejudicial" in this context as "[t]he inclusion of clearly unnecessary language . . . that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction[.]" *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971) (citing *United States v. Bufalino*, 285 F.2d 408 (2d Cir. 1960) & *United States v. Spock*, 416 F.2d 165 (1st Cir. 1969)).[2]

Although "a most exacting standard," allegations that Denis "stole the identity of RONY DENIS" and "his true identity remains unknown," are both inflammatory and irrelevant to the fraud conspiracy allegations. *Compare* [Doc. 3 at 1-2, ¶¶ 1-3] *with* [Doc. 3 at 8-18, ¶¶ 35-114]. The government's theory of fraud does not require

2 Decisions of the former Fifth Circuit published before the close of business on September 30, 1981 have been adopted as binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1211 (11th Cir. 1981) (en banc).

the jury's knowledge of Denis's immigration history, nor evidence that he "stole" the identity of Rony Denis. Thus, the allegations that Denis "stole his identity" from someone else, "used" that stolen identity to apply for citizenship, and that "his true identity remains unknown," are all extrinsic character attacks designed to unfairly inflame the jury against Denis.

First, the government cannot show relevance. The introductory allegations that claim Denis "stole" or "used" a false identity are not relevant to the alleged conspiracies to commit mortgage bank fraud (count one) or VA fraud (count four) because neither alleges that Denis himself used his own identity to submit any application or make any misrepresentations. Indeed, besides the incorporation of paragraphs 1-3, count one's particular description of "the bank fraud scheme" does not mention or reallege Denis's stolen identity, immigration history, or that Denis used a pseudonym in dealings with the bank. *Id.* To the contrary, the government has alleged that other individuals applied for these mortgages and then deeded the properties to LLC's controlled by Denis and Oloans. The same holds true for the count four conspiracy to commit VA fraud.

The description of count one's scheme focuses on the defendants' participation in "straw purchases" of real estate – which involved *known* individuals. *See* [Doc. 3 at 8, ¶ 36] ("DENIS and OLOANS would direct members of the HOPCC to act as 'straw buyers' in residential real estate transaction to conceal the true

buyers' identities."). In the "acts in furtherance of the scheme," count one names each straw buyer and the defendant allegedly involved with each mortgage. *See* [Doc. 3 at 11-18, ¶¶ 51-114] (naming A.S., J.E., J.R., D.C., R.B., P.B.). There is simply no link between the inclusion of false identity, theft, and immigration fraud claims and the particulars of count one – they are unnecessary and irrelevant.[3]

Second, even without the inflammatory paragraphs 1-3, count one is "clearly contained" within the indictment. *Augustin*, 661 F.3d at 1116. Count one alleges the bank fraud elements, [Doc. 3 at 7, ¶¶ 32-33], incorporates twenty-eight other introductory particulars to explain each defendant's role within HOPCC and how HOPCC was established, [Doc. 3 at 2-6, ¶¶ 4-31], and states the object, manner, and over sixty acts in furtherance of the scheme. [Doc. 3 at 8-18]. There is no risk that striking introductory paragraphs 1-3 would cause the jury confusion over the elements of counts one or four, or restrict the government's presentation of the evidence. By contrast, removing the surplusage paragraphs prevents confusion by eliminating the unnecessary injection of extrinsic allegations of prior bad acts.

Finally, the identity fraud allegations are, in fact, highly prejudicial. *See generally United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013) ("Evidence of other crimes, wrongs, or acts *is inherently prejudicial to the defendant*, and may

[3] Should the government's pretrial response argue that its evidence can supply the patently absent nexus, the remedy is not to deny Denis's motion, but instead to reserve ruling until the government proffers evidence to create relevance. *See Awan*, 966 F.2d at 1426 (citing *United States v. Fahey*, 769 F.2d 829, 842 (1st Cir. 1985)).

entice the jury to draw the prohibited inference that a defendant previously convicted of a crime likely committed the same crime again.") (emphasis added). Introductory paragraphs 1-3 intimate that Denis committed at least two other felonies involving dishonesty – identity theft and immigration fraud – in a trial of alleged crimes of dishonesty. *See United States v. Poore*, 594 F.2d 39, 41-42 (4th Cir. 1979) (error in denying motion to strike prior felony conviction from firearm count where defendant stipulated to felon status). With no relevance nexus to the alleged conspiracies, these paragraphs have no probative value and serve only to inflame the jury against Denis and confuse the issues. *See Bullock*, 451 F.2d at 888.

In this unique case, Denis has shown that these introductory paragraphs are neither relevant nor necessary to the fraud conspiracies, and highly prejudicial. Because the alleged offense is clearly contained within the indictment without this prejudicial surplusage, introductory paragraphs one through three should be stricken.

## CONCLUSION

For the foregoing reasons, Denis respectfully requests this Court to **STRIKE** introductory paragraphs one through three from the indictment.[4]

Respectfully submitted,

*/s/ Steven H. Sadow*
STEVEN H. SADOW
Lead Counsel for Defendant

[4] The corollary to this motion is the indictment must be redacted to remove all references to "FNU LNU aka."

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400
stevesadow@gmail.com

*/s/ David M. Stewart*
CROWDER STEWART LLP
Counsel for Defendant

540 James Brown Boulevard
Post Office Box 160
Augusta, Georgia 30903
706-434-8799
david@crowderstewart.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system that will automatically send e-mail notification of such filing to all parties of record.

*/s/ Steven H. Sadow*
STEVEN H. SADOW