**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:25-CR-62** |
| | ) | |
| **ANTHONY S. OLOANS** | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION TO DISMISS INDICTMENT, showing this Honorable Court as follows:

**BACKGROUND**

On September 10, 2025, Defendant was arrested on the basis of a grand jury arrest warrant issued in connection with the Indictment in this case (Doc. 3). The thirty-nine page, twenty-six count Indictment charges this Defendant with Conspiracy to Commit Bank Fraud in Count One and Bank Fraud in Counts Two and Three. The Indictment contains lengthy, general, and accusatory paragraphs of inflammatory information that has more to do with a misunderstanding of how the House of Prayer Christian Church (HOPCC) operated rather than a finding of criminal activity.

The Indictment is invalid and must be dismissed for the following reasons under Federal Rules of Criminal Procedure Rule 12(3):

1. There are defects instituting the prosecution of this case, including prejudicial pre-indictment delay, a violation of the constitutional right to a speedy trial, selective

and vindictive prosecution, and an error in the grand jury proceedings that led to the Indictment being true billed.

2. The Indictment itself is defective because it is barred by the statute of limitations, joins two or more offenses in the same count (duplicity), charges the same offense in more than one count (multiplicity), is not specific, and improperly joins co-defendants.

## ARGUMENT

### I. THERE ARE FATAL DEFECTS IN THE PROSECUTION OF THIS CASE THAT NECESSITATE A DISMISSAL OF THE INDICTMENT

#### a. There has been severe and prejudicial pre-indictment delay.

There have been numerous, fatal defects in the prosecution of this case. First of all, there has been a severe pre-indictment delay that has prejudiced the Defendant significantly and violated his constitutional Right to a Speedy Trial. The plain language of the Indictment states that some of the alleged criminal activity began "as early as 2004." Indictment Paragraph 33. Upon information and belief, the Government has had agents investigating the HOPCC since at least 2004, and no criminal charges were filed against anyone until 2025 (over twenty years later). During that passage of time, witnesses that the Defendant could have called for his defense have either deceased or their whereabouts are unknown. This is patently obvious with Marjorie Denis, a key Government witness who has now deceased (see Defendant's Motion *in Limine* as to Marjorie Denis) and therefore is not subject to being cross-examined by the Defendant. If the Government's Indictment is to be believed on its face, then the Government has been collecting evidence against the Defendant for over two decades. However, it has waited until now to proceed with the charges, without any apparent explanation.

The case of United States v. Marion, 404 U.S. 307 (1971), has long been the seminal case on the subject of pre-accusation delay. In Marion, the Supreme Court recognized that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if "it were shown…that the preindictment delay in the case caused substantial prejudice to defendant's right to a fair trial and that the delay was in an intentional device to gain tactical advantage over the accused." Marion at 324. The defendants in Marion argued that a three-year delay in an Indictment was prejudicial.

In the case at bar, we are way past the three-year delay in Marion: we are at 20+ years! The substantial and actual prejudice to the Defendant from the Government's delay are obvious: witnesses are now deceased, many church members that could have provided exculpatory evidence have now scattered to whereabouts unknown, and even bank records from 2017-2019 are made more difficult to find (which would be important for defending against Counts Two and Three). There is obvious prejudice to the Defendant because of the significant delay.

Additionally, the delay can only be explained to be a device of the Government to gain tactical advantage over the Defendant (Marion prong two). As to Count One, the Government could have (and should have) alleged each of the properties mentioned in separate counts as a separate fraud, as each is a separate and unrelated transaction. However, the Government did not elect to prosecute the Defendant for the purchase of 808 Spanish Oak Drive in 2008 (when the sale actually occurred) because it was not content to charge the Defendant with one count of Bank Fraud only. Rather, the Government made the tactical decision to wait and look for other properties and transactions in the hopes that they could then file what they have filed here: a blanket Indictment that is overly broad and impossible to defend against due to the voluminosity of its allegations. The Government repeated this trick with regards to the other properties in

Count One, waiting for at least ten (10) years after the purchases so that they could unlawfully combine them all in one massive conspiracy count. This is nothing but pure trickery on the Government's part, and the Indictment therefore must be dismissed.

**b. There has been a selective and vindictive prosecution.**

Similarly, the Government's delay in bringing this prosecution has led to a vindictive and selective prosecution that violates the Defendant's First Amendment Freedom of Religion rights. Although prosecutorial discretion is understandably broad, "Selectivity in the enforcement of criminal laws is…subject to constitutional constraints." United States v. Batchelder, 442 U.S. 114 (1979). The decision to prosecute may not be based on "an unjustifiable standard, such as race, religion, or other arbitrary classification." Oyler v. Boyles, 368 U.S. 448 (1962). Furthermore, the discriminatory purpose behind the Government's prosecution of an individual must be more than awareness; it is an "implication that the decisionmaker…selected or affirmed a particular course of action at least in part because of its effects upon an identifiable group." Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 279 (1979).

Here, the group that has been targeted is clear: the House of Prayer Christian Church, of which the Defendant is a member. The Government's animus for HOPCC is obvious from the wording that it used in its Indictment; the Government attempts to paint the HOPCC as a cult by utilizing scary terms like "soul winning" and "extreme control and manipulation." The Government continues to go off the deep end with its vindictiveness for HOPCC by describing certain acts in the Indictment that relate to church activities (requiring permission to miss services and public shaming, for example), but have no relation whatsoever to any criminal activities being charged. The inclusion of these is solely to paint HOPCC as a big, bad, evil cult of a church.

The Government took the vindictiveness that was the basis for the Indictment in this case and selected to prosecute the Defendant and HOPCC in a way so as to harm the church and prohibit its members from exercising their First Amendment right to Freedom of Religion. By choosing to indict all of the co-defendants together and alleging a huge conspiracy (despite very little nexus between any of the co-defendants other than church affiliation), the Government has sought to take away the leadership of HOPCC and prevent them from talking to anyone still involved in the church during this now years-long prosecution. This has had the natural effect of splintering and harming the church, scaring members into thinking that if they are too close to HOPCC, they too might be prosecuted. The Government has done this because HOPCC is its own religious organization that it does not understand nor seek to understand. Rather than try to understand it, they simply label it as an evil cult and seek to use this Indictment to destroy the church body. The plain language of the Indictment and all its surplusage shows that the Government has a personal vendetta against HOPCC, and the decision to try and form a conspiracy where there simply is not one is a furtherance of the Government's scheme to prevent this Defendant and the other members of HOPCC from exercising their First Amendment rights. Therefore, this Indictment should be dismissed because of the obvious vindictiveness of the Government and its selection of HOPCC specifically and without justification to prosecute.

**c. Upon information and belief, there were errors in the Grand Jury proceedings.**

Lastly, upon information and belief, the Defendant moves to dismiss the Indictment on the grounds that there may have been an error in way the grand jury proceedings were conducted. While the Defendant is not currently in possession of all of the grand jury information, such as the date the grand jury was empaneled and the individuals that made up the grand jurors (this information has been requested in the Defendant's Motion for Bill of

Particulars), the Defendant has reason to believe that the grand jury may not have been empaneled for an 18-month period per the requirements of 18 U.S.C. §3331(a) and that, without being provided with a list of the grand jurors, the grand jury may have contained people unauthorized to serve on a grand jury, such as felons, non U.S. citizens, or even people that do not reside in the Southern District of Georgia. The Defendant therefore respectfully requests that the Court require the Government to provide proof of a valid grand jury proceeding that led to this Indictment and, if the Government is unable to do so, the Indictment must be dismissed.

## II. THERE ARE FATAL DEFECTS IN THE INDICTMENT OF THIS CASE THAT NECESSITATE A DISMISSAL OF THE INDICTMENT

### a. The acts that make up the crimes charged all occurred outside the Statute of Limitations

There are also serious defects in the Indictment that should cause it to be dismissed. First of all, Count One alleges Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1344(2) and 1349. However, the statute of limitations for bank fraud is 10 years (18 U.S.C. § 1344), and it appears from the face of the Indictment that the Government has charged the Defendant with acts that are outside the statute of limitations. Count One starts with "beginning…as early as 2004…" (Indictment paragraph 33), and any such acts from 2004 would be outside of the 10-year statute of limitations and thus barred from prosecution.

The Statute of Limitations would also bar prosecution for the "straw purchase" of 808 Spanish Oak, as the Indictment clearly states that the closing for that property was on August 18, 2008 (Indictment paragraphs 52-53), well beyond the 10-year statute of limitations. The same applies to the purchase of 1374 Forest Lake Drive (2008), 707 Madison Drive (2005-2006), 801 Krebs Lane (2013), and 1480 Flo Zechman Drive (2014). Prosecution for any of these purchases and related activities are barred by the statute of limitations, and the joining of them together in

Count One is a feeble attempt by the Government to try and hobble together a "continuing conspiracy" by relying on prior acts that it knows it could not prosecute individually because of the statute of limitations. Therefore, the Indictment is fatally flawed as to Count One.

**b. Count one of the Indictment is duplicitous.**

In addition, Count One of the Indictment must also be dismissed because it is duplicitous: it joins the separate offenses of Bank Fraud as to each straw purchase into one big "conspiracy" count, and there is a real danger that the jury might convict the Defendant of Count One without agreeing on which specific straw purchase, loan modification, or other act constituted criminal behavior.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that "[t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense[.]" The "separate count for each offense" language of Rule 8(a) requires (1) that each count of an indictment contain only one offense, and (2) that a single offense be charged only once in an indictment. *See generally* 1 C. Wright, Federal Practice and Procedure: Criminal §141 (2d. ed. 1982). The first of these requirements guards against "duplicity." See, e.g., United States v. Hawkes, 753 F.2d 355, 357 (4th Cir. 1985); United States v. Ramos, 666 F.2d 469, 473 (11th Cir. 1982); United States v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir. 1976) ("Duplicity is the joining in a single count of two or more distinct and separate offenses."). The prohibition on duplicity "reflect[s] fundamental due process rights of defendants[.]" UCO Oil, 546 F.2d at 835. The courts have recognized at least four ways in which a duplicitous count prejudices a defendant. First, it fails to provide the defendant with adequate notice of the pending charges. *See* United States v. Kimberlin, 781 F.2d 1247, 1250 (7th Cir. 1985). Second, a duplicitous count can produce a record inadequate to allow a defendant to plead former jeopardy

to a subsequent prosecution for the same offense. United States v. Starks, 515 F.2d 112, 116 (3d. Cir. 1975). Third, a duplicitous count may prejudice the defendant with respect to evidentiary rulings during the trial, since evidence admissible on one offense might be inadmissible on the other. Starks, 515 F.2d at 116-117. Finally, a duplicitous indictment may lead to conviction based on a non-unanimous verdict as to one charge or the other. Starks, 515 F.2d at 117; Kimberlin, 781 F.2d at 1250. The appropriate remedy for a duplicitous count is either dismissal of that count or requiring the government to elect between the two charges contained in that one count. Starks, 515 F.2d at 117.

Given that each of the straw purchases alleged in Count One (as well as the loan modifications mentioned therein) could stand alone as a criminal act, the Indictment has tried to overcome a duplicity argument by alleging a conspiracy. However, the only acts listed are those done by individual members, such as those done by Defendant Oloans individually or by Defendant Fryar individually. No actions even come close to suggesting a scheme or even a "team effort" in conducting these transactions. Therefore, Count One must be dismissed because it is a duplicitous count, not a description of a conspiracy.

**c. The Indictment is multiplicitous.**

In addition to being duplicitous, the Indictment is also multiplicitous in that it charges the Defendant with one offense (bank fraud) over several different counts (Counts Two and Three, which contain the same loan modification activity mentioned in Count One). In Count One, the Defendant is charged with bank fraud activity because of seeking loan modifications from Wells Fargo as to 801 Krebs Lane (Indictment paragraphs 86-106). Then, in Count Two, the Defendant is charged with Bank Fraud for the same conduct: the loan modification from Wells Fargo. The fact that the same conduct is multiplied across the counts is evident by the

Indictment itself, when the Government states in Count Two that it "realleges and incorporates by reference…Paragraphs 86 through 106 above in their entirety as if fully set forth herein." (Indictment Count Two, Paragraph 115). In other words, the Government acknowledges that Count Two contains the exact same behavior that is criminalized in Count One, and it even tries to make its job easier by not having to repeat the same language but by merely "incorporating" it as though it is fully set forth again.

The same issue appears in Count Three when, once again, the Defendant is charged with Bank Fraud for a loan modification for 801 Krebs Lane that is mentioned in Count One. To save time, the Government incorporates by reference the Count One language in paragraphs 86 through 106, which describes the loan modification as laid out factually in Count One (Indictment Count Three, Paragraph 123). This is clearly now charging the Defendant in three different counts for the same loan modification of 801 Krebs Lane, and the multiplicity problem is patently obvious. Because of its multiplicity, the Indictment must be dismissed.

**d. The Indictment improperly joined co-defendants and is vague and non-specific.**

The Defendant also moves to dismiss the Indictment because it has improperly joined co-defendants (addressed in the Defendant's separate Motion to Sever) and because it is vague and non-specific (addressed in the Defendant's separate Motion for Bill of Particulars).

## CONCLUSION

THEREFORE, the Defendant respectfully requests that this Court his Motion and Dismiss the Indictment for the reasons laid out above.

Respectfully submitted this 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

**CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

Th 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664