**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**OMAR GARCIA,**<br>**Defendant.** | **CASE NO.: 1:25-cr-00062-JRH** |

## MOTION TO STRIKE SURPLUSAGE AND INCORPORATED MEMORANDUM OF LAW

Defendant Omar Garcia, through undersigned counsel, moves under Federal Rule of Criminal Procedure 7(d) to strike the language identified below from the Indictment (ECF No. 3), as incorporated into Counts Four through Seven. Defendant seeks to remove unrelated accusations concerning a co-defendant's identity and citizenship history, bank-fraud conduct with which the Defendant is not charged, and inflammatory descriptions of religious, social, and personal unrelated practices.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(d) provides that, on a defendant's motion, the Court may strike surplusage from an indictment. The rule protects a defendant from immaterial or irrelevant allegations that may nevertheless be prejudicial.

In the Eleventh Circuit, surplusage should be stricken when the challenged allegations are “not relevant to the charge and are inflammatory and prejudicial." *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (quoting *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990)). The requested deletions may be made without altering the offenses charged so long as the indictment continues to state the offenses fully. *United States v. Miller*, 471 U.S. 130, 136, 144 (1985).

## II. LANGUAGE TO BE STRICKEN

Defendant respectfully requests that the following language be stricken from the introductory allegations as incorporated into Counts Four through Seven:

1. Paragraphs 1 and 2, and the first sentence of paragraph 3. These allegations concern Denis's alleged use of another person's identity beginning in 1983 and his later citizenship application. Indictment ¶¶ 1–3, at 1–2. The allegations concern Denis alone, predate the alleged VA scheme by decades, and have no stated connection to Defendant's alleged VA conduct.
2. Paragraph 15: strike the words "and indoctrination." Indictment ¶ 15, at 4.
3. Paragraph 20: strike the words "extreme" and "manipulation." Indictment ¶ 20, at 4. Those terms characterize the alleged conduct rather than identify any act relevant to a VA certification or wire transmission.
4. Paragraph 21: strike the introductory phrase "As part of the control and manipulation." Indictment ¶ 21, at 4–5.
5. Paragraph 22: strike the paragraph. It alleges that Oloans maintained members' personally identifiable information for the defendants' benefit. Indictment ¶ 22, at 5. It identifies no use of that information by this Defendant in connection with a VA Form 22-1999, GNPEC certification, or VA-ONCE transmission.
6. Paragraph 23: strike the paragraph. It alleges that some members signed Non-Disclosure Agreements. Indictment ¶ 23, at 5. It identifies no agreement involving this Defendant and no connection between any such agreement and the VA charges.
7. Paragraph 24: strike the paragraph. It alleges that Denis arranged marriages and orchestrated divorces among HOPCC members. Indictment ¶ 24, at 5. The allegation concerns Denis and has no stated connection to the VA-benefit charges.

8. Paragraph 25: strike the paragraph. It alleges that Denis and Oloans directed members to live in rental properties purchased through straw buyers and that rental income flowed to the defendants. Indictment ¶ 25, at 5. Defendant is not charged in the bank-fraud scheme, and the paragraph does not allege any act by him.

9. Paragraph 26: strike the paragraph. It concerns frequent organizational meetings and permission to be absent. Indictment ¶ 26, at 5. It does not allege that Defendant imposed the requirement or that the meetings furthered a VA certification or transmission.

10. Paragraph 27: strike the introductory phrase "As part of the control and manipulation" and the phrase "using a technique called 'soul winning.'" Indictment ¶ 27, at 5.

11. Paragraph 28: strike the paragraph. It alleges that members were expected to report infractions and rule violations to HOPCC leadership, including Defendant. Indictment ¶ 28, at 5–6. It identifies no VA-related report, false statement, certification, or wire transmission.

12. Paragraph 29: strike the paragraph. It describes student discipline for texting, attire, "insubordination," "Defiance," and "Sewing Discord and sedition." Indictment ¶ 29, at 6. Those matters do not bear on whether a VA certification was false or whether Defendant transmitted a charged wire.

13. Paragraph 30: strike the paragraph. It alleges that Denis castigated and humiliated congregants. Indictment ¶ 30, at 6. The allegation concerns Denis and has no stated connection to Defendant's alleged VA conduct.

14. Paragraph 31: strike the paragraph. It alleges restrictions on contact with former members and references an "Ex-HOPCC Traitors" list. Indictment ¶ 31, at 6. It identifies no conduct by Defendant involving a VA certification, GNPEC filing, or VA-ONCE transmission.

## III. THE CHALLENGED LANGUAGE IS IRRELEVANT TO THE CHARGES AGAINST GARCIA AND ARE PREJUDICIAL

Defendant is charged in Count Four with conspiracy to commit wire fraud involving VA education benefits and in Counts Five through Seven with three VA-ONCE transmissions alleged to have occurred on or about March 1, 2021. Indictment ¶¶ 155–181, at 28–34. The challenged allegations do not identify a false VA Form 22-1999, a false GNPEC representation by Defendant, a VA-ONCE transmission, or an agreement by Defendant to defraud the VA.

The challenged language instead introduces allegations concerning Denis's identity history, rental-property activity, internal church rules, personal relationships, and disciplinary practices. Those allegations are not necessary to state the elements of Counts Four through Seven. Their inclusion creates a risk that the jury will evaluate Defendant based on unrelated conduct or its view of HOPCC rather than the evidence offered to prove the VA charges.

Striking the identified language would leave the charged VA scheme intact. Count Four would continue to allege a conspiracy to defraud the VA and veterans and Counts Five through Seven would continue to allege VA-ONCE submissions for veterans R.P., L.R., and N.D.P. on or about March 1, 2021. Indictment ¶¶ 155–181, at 28–34.

## IV. ALTERNATIVE RELIEF IF THE COURT DEFERS A FINAL RULING

If the Court defers ruling on any challenged allegation, Defendant requests that the disputed language not be read, displayed, or provided to the jury unless and until the Court determines that the Government has established a relevant connection to the charges against him. See *Awan*, 966 F.2d at 1426.

## V. CONCLUSION

Defendant Omar Garcia respectfully requests that the Court strike the language identified above from the Indictment as incorporated into Counts Four through Seven and direct that any jury copy or summary of the Indictment reflect those rulings.

Respectfully submitted this 30th day of September, 2026.

/s/ Katrell Nash

Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**OMAR GARCIA,**<br>**Defendant.** | **CASE NO.: 1:25-cr-00062-JRH** |

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of September, 2026, I electronically filed the foregoing ***Motion to Strike Surplusage and Incorporated Memorandum of Law*** with the Clerk of Court through CM/ECF, which provides electronic notice to all counsel of record registered to receive such notice.

/s/ Katrell Nash
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com